# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| KEVIN MARTIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | No. 3:16 CV 357 |
| RON NEAL, et al., | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Kevin Martin, a pro se prisoner, filed an amended complaint (DE # 18) naming three defendants. He alleges that they did not protect him from an attack by an unknown inmate on April 13, 2016. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Martin states that he believes that Case Worker Sinder told an unknown inmate that Martin was talking to internal affairs about trafficking in the prison. He has not

provided any facts to support this speculation. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Such is the case here. Martin speculates that Case Worker Sinder knowingly provided information to an unknown inmate with the intent to cause Martin harm. However, he has not alleged any facts from which it can be plausibly inferred that Case Worker Sinder provided any information to any inmate. As such, this complaint does not state a claim against Case Worker Sinder.

Martin is also suing Superintendent Ron Neal. When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison

2

officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Martin has not alleged Superintendent Neal knew anything about his being at risk of harm. He is merely alleged to be the Superintendent. There is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore the complaint does not state a claim against Superintendent Ron Neal.

The third defendant that Martin is suing is identified only as "Sgt." It is unclear who this is, but Martin alleges that "Sgt. told Kevin Martin he would move him [and] claim he will looking into this issue." DE 18 at 3. However, the complaint does not say what Martin told Sgt. or why Sgt. would have known that Martin was in substantial risk of serious harm. General requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements

3

> insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were.
>
> *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Id*. at 639–40 (footnote omitted). Additionally, the complaint alleges that an unknown inmate set a fire in Martin's cell, but it says nothing about how big the fire was or whether Martin suffered any physical injury as a result of the fire. As presented, this complaint does not state a claim against the unknown Sgt.

This is the sixth complaint (DE ## 1, 3, 7, 9, 14, and 18) Martin has filed in this case. He has had more than an ample opportunity to present facts supporting a claim if he has any. Nevertheless, because he is proceeding pro se and because he has omitted so many facts, he will be permitted one last chance to file an amended complaint which states a claim. In it he needs to provide facts – not guesses or beliefs. He needs to explain what facts exist which plausibly lead to the conclusion that Case Worker Sinder spoke to the inmate who attacked him. He needs to list everyone who knew that he was talking to prison officials about trafficking. He needs to explain why it was not reasonable to believe

4

that he would be safe in administrative segregation. He needs to identify Sgt. if he can. If not, he needs to describe Sgt. so that it might be possible for someone to identify this person because he cannot proceed against an unknown defendant. He needs to be very specific about what he told Sgt. and why Sgt. could have concluded that he was in substantial risk of serious injury. He needs to describe the fire, how it was started, how big it was, what physical injury he suffered, and what medical treatment he received. He needs to identify or describe the unknown inmate who started the fire.

Finally, Martin has filed four motions. First (DE # 19), he asks to file the amended complaint. This motion was unnecessary because he had already been granted leave to file it.

In two other motions (DE ## 20 and 22), he argues that he is being retaliated against and asks to be moved to the Pendleton Correctional Facility. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "[A] preliminary injunction . . . should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Martin alleges that legal mail (it appears he means court orders because he makes no reference to receiving mail from an

attorney) are opened outside of his presence. He alleges that his cell has been frequently searched and that he has not been able to obtain copies or responses to grievances. He alleges that prison officials are not keeping video proof when he gives them papers and he fears they will lose his property when he goes to court on December 1, 2016. None of these allegations describe irreparable harm and there is no basis for ordering him transferred to another prison.

In his last motion (DE # 21), Martin wants to court to order the Superintendent to produce several videotapes which he alleges will prove that he is telling the truth about his various interactions with guards. This is unnecessary. The court has accepted his current allegations as true. However, they are insufficient to state a claim. Therefore Martin does not need these videotapes in order to file an amended complaint. What he needs to do is file an amended complaint with additional facts. The form he needs – Prisoner Complaint (INND Rev. 8/16) – is available in his prison law library.

For these reasons, the court (1) **DENIES** the motions (DE # 19, 20, 21, and 22); (2) **GRANTS** Kevin Martin until December 27, 2016, to file an amended complaint; and (3) **CAUTIONS** Kevin Martin that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim on which relief can be granted.

**SO ORDERED.**

Date: November 9, 2016

s/ James T. Moody \_
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT