UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

        Plaintiff,

        v.                          NO. 3:16 CV 357

CASEWORK SINDER,

        Defendant.

## OPINION and ORDER

Kevin Martin, a prisoner without a lawyer, filed an amended complaint alleging that Caseworker Sinder failed to protect him from an attack by a fellow inmate on either April 13, 2016, or April 14, 2016. (DE # 62.) "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On April 4, 2016, Martin gave Sinder a request form asking to speak to internal affairs about an ongoing investigation into trafficking at the prison. Martin alleges that

Sinder then provided that request form to an unknown inmate, knowing that it would motivate an attack. Several days later, on April 13, 2016, or April 14, 2016, the unknown inmate approached Martin in his cell, holding the request form addressed to internal affairs. Martin and the inmate argued. The unidentified inmate left the area but returned with several boxes and gas. He then lit a fire inside Martin's cell.

When one inmate attacks another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Martin has stated a claim against Sinder because he has alleged facts from which it can be plausibly inferred that Sinder shared Martin's request form with the unknown inmate and that Sinder knew that giving this information to the unknown inmate would motivate the inmate to attack Martin.

For these reasons, the court:

(1) **GRANTS** Kevin Martin leave to proceed on an individual capacity claim for compensatory and punitive damages against Caseworker Sinder for failing to protect him by sharing a request form addressed to internal affairs with an unknown inmate, knowing the information would motivate the inmate to attack Martin, and resulting in an attack against Martin on April 13, 2016, or April 14, 2016, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Caseworker Sinder at the Indiana Department of Correction with a copy of this order and the amended complaint (DE # 62) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Caseworker Sinder respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 2, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT